# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DENNIS GREENSTREET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-2110 CAS |
| ) | |
| SNYDER INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DISMISSAL

On November 3, 2008, plaintiff was ordered to show cause, within twenty (20) days, why this case should not be dismissed for his failure to prosecute. The show cause order was precipitated because plaintiff had failed to respond to discovery requests and defendant's motions to compel. In the show cause order, plaintiff was warned that absent a reasonable explanation for his failure to prosecute, his action would be dismissed. Plaintiff did not respond to the order.

A district court has the power to dismiss an action if "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Smith v. Gold Dust Casino, 526 F.3d 402, 404 (8th Cir. 2008). See also Fed. R. Civ. P. 41(b); Skelton v. Henry, 390 F.3d 614, 619 (8th Cir. 2004). Such a dismissal may be taken on the court's own motion and may be exercised under the court's inherent power to control its docket. Id.; Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962); Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971). Here, plaintiff ignored the Court's show cause order, and from all appearances, it would seem he has abandoned prosecution of this case. Therefore, the Court will dismiss plaintiff's cause of action.

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned cause of action is **DISMISSED, without prejudice,** for plaintiff's failure to prosecute and to comply with a court order.

**IT IS FURTHER ORDERED** that defendant's motions to dismiss and to compel and plaintiff's counsel's motion to withdraw are **DENIED as moot.** [Docs. 23, 28 and 31]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_10th\_\_ day of December, 2008.